```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                    :
AMERICAN GUARNATEE AND LIABILITY    :
INSURANCE COMPANY ET AL.,           :
                                    :
                     Plaintiffs,    :
                                    :     09 Cv. 8357 (BSJ)(HBP)
        v.                          :
                                    :     **Opinion and Order**
CIRRUS DESIGN CORPORATION,          :
                                    :
                     Defendant.     :
------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/30/10

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Defendant Cirrus Design Corporation ("Cirrus") has moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss for failure to state a claim the Amended Complaint of Plaintiffs American Guarantee and Liability Insurance Company ("AGLIC"), as subrogee of Belaire Condominium and the Hospital for Special Surgery, and Fireman's Fund Insurance Company ("FFIC"), as subrogee of Arthur Skodnek, Iris R. Daner, Carol Higgins Clark, and Larry W. Rosenthal (collectively, "Plaintiffs"). For the reasons set forth below, Cirrus' motion to dismiss the amended complaint is GRANTED with leave to amend.

**Background**

The following facts are drawn solely from Plaintiffs' Amended Complaint.[1] Plaintiff AGLIC is the insurer of Belaire Condominium, located at 524 East 72nd Street, New York, New York, and the Hospital for Special Surgery, located at 535 East 70th St., New York, New York. Plaintiff FFIC is the insurer of the real and personal property of certain residents of Belaire Condominium. (Am. Compl. ¶¶ 2-5, 10-15.)

Cirrus is in the business of designing, engineering, manufacturing, marketing, and distributing aircraft. One of the planes produced and sold by Cirrus was a 2002 model SR-20 aircraft bearing serial number 1230, Model S Code 531577 with tail number N929CD ("the SR-20"). (Id. ¶ 6.)

On October 11, 2006, the SR-20 crashed into the Belaire Condominium, a mixed-use high-rise apartment building located at 524 East 72nd Street that included a portion of the Hospital for Special Surgery. Prior to the collision, the pilots of the SR-20 were making a left turn over the East River. In order to control an SR-20's flight through the air a pilot may use, among other things, the ailerons and aileron trim cartridge. Witnesses on the ground observed the plane experience a sudden loss of altitude and the wings wobble from side to side. These

---

[1] In reviewing a motion to dismiss, the Court must accept as true the facts alleged in a plaintiff's complaint. See Newman & Schwartz v. Asplundh Tree Expert Co., 102 F.3d 660, 662 (2d Cir. 1996); O'Brien v. Alexander, 101 F.3d 1479, 1484 (2d Cir. 1996).

2

are indications that a pilot may be struggling to control the aircraft. Plaintiffs allege that this loss of control caused the SR-20 to crash into the Belaire Condominium. (Id. ¶¶ 17-23.)

Plaintiffs allege that Cirrus was aware of these control systems problems because a similar incident occurred prior to the October 11, 2006 crash. Plaintiffs claim that Cirrus failed to immediately investigate and inspect other Cirrus aircraft that experienced similar control problems. They allege that such an investigation would have allowed Cirrus to identify and correct the defect that resulted in the October 11, 2006 crash. (Id. ¶¶ 24, 26.)

Plaintiffs also claim that Cirrus failed to meet minimal accepted standards for the testing of the aileron rudder interconnect and trim cartridge, and failed to conduct sufficient testing of the lateral directional control systems of the SR-20 prior to placing it in the stream of commerce. (Id. ¶ 25.)

Pursuant to the terms and conditions of the insurance policies of Belaire Condominium, the Hospital and the individual tenants, Plaintiffs AGLIC and FFIC made payments to the insured for the damages sustained in the crash. (Id. ¶¶ 29-34.)

AGLIC and FFIC now bring this action under New York law alleging (1) Negligence and (2) Strict Products Liability against Cirrus Design. Pursuant to Federal Rule of Civil

3

Procedure 12(b)(6), Cirrus has moved to dismiss the Complaint for failure to state a claim upon which relief may be granted.

**Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint that fails to state a claim upon which relief may be granted. "In ruling on a motion to dismiss for failure to state a claim upon which relief may be granted, the court is required to accept the material facts alleged in the complaint as true." Frasier v. Gen. Elec. Co., 930 F.2d 1004, 1007 (2d Cir. 1991) (citation omitted). A court is also required to read a complaint generously, drawing all reasonable inferences from its allegations in favor of the plaintiff. See Cal. Motor Transp. Co. v. Trucking Unlimited, 404 U.S. 508, 515 (1972). A court should not, however, credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." Stephenson v. Citco Group Ltd., 700 F. Supp. 2d 599, 619 (S.D.N.Y. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).

In Twombly, the Supreme Court held that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal

quotation marks and citation omitted). A pleading need not "set out in detail the facts upon which [the claim is based]" in order to successfully state a claim. Id. at 555 n.3 (alteration in original) (internal quotation marks and citation omitted). A plaintiff must, however, assert "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1940.

## Discussion

### A. Plaintiffs Fail to Supply Sufficient Factual Allegations to Support their Claims

As discussed, supra, the Amended Complaint alleges that the SR-20 was making a routine left turn over the East River when the pilots lost control of the plane. According to the Amended Complaint, the crash debris and witnesses on the ground who observed the crash provide evidence that there was a failure of the flight control systems. Plaintiffs argue that this failure resulted in the crash. Plaintiffs allege that subsequent investigation revealed that this model plane had "certain defects" in its steering controls that made the airplane unable to be controlled and that Cirrus was aware of these defects at the time of the crash.

5

Plaintiffs do not, however, specify the actual defective component or the nature of the defect. As Cirrus notes, this unspecified defect could encompass any one of hundreds, if not thousands, of component parts of the systems designed to operate the rudder and ailerons of the aircraft. In light of the lack of specificity, the Court may not draw a "reasonable inference that the defendant is liable for the misconduct alleged" as required by Twombly and Iqbal.

### B. Plaintiffs Failed to Plead a Prima Facie Claim for Strict Liability or Negligence Under New York Law

The Amended Complaint also fails to plead a prima facie case of negligence or strict liability under New York law. As an initial matter, courts have noted that, for the purposes of analyzing a design defect claim, the theories of strict liability and negligence are virtually identical. See Searle v. Suburban Propane Div. of Quantum Chem. Corp., 263 A.D.2d 335, 700 N.Y.S.2d 588, 591 (3d Dep't 2000) ("[I]n a design defect case, there is almost no difference between a prima facie case in negligence and one in strict liability.")

Under New York law, a plaintiff establishes a prima facie case of product liability for a design defect by showing: (1) that the product, as designed, posed a substantial likelihood of harm; (2) that it was feasible for the manufacturer to design

6

the product in a safer manner; and (3) that the defective design was a substantial factor in causing plaintiff's injury. See Tuosto v. Philip Morris USA Inc., 672 F. Supp. 2d 350, 364 (S.D.N.Y. 2009); see also Cover v. Cohen, 61 N.Y.2d 261, 266-67, 473 N.Y.S.2d 378, 461 N.E.2d 864 (1984). When applying this risk-utility balancing test, a plaintiff is required to prove the existence of a feasible alternative design which would have prevented the accident. Rypkema v. Time Mfg. Co., 263 F. Supp. 2d 687, 692 (S.D.N.Y. 2003); see also Voss v. Black & Decker Mfg. Co., 59 N.Y.2d 102, 108, 463 N.Y.S.2d 398, 402, 450 N.E.2d 204 (1983) ("The plaintiff, of course, is under an obligation to present evidence that ... it was feasible to design the product in a safer manner."). In their Amended Complaint, Plaintiffs do not specify a particular design defect, nor do they make any mention of a feasible alternative design. Plaintiffs do not offer sufficiently detailed facts that would allow a reasonable person to conclude that the product should not have been marketed in its present form.

Similarly, Plaintiffs have not properly pleaded a claim under New York's strict liability law for a manufacturing defect. Under New York law, "[t]o plead and prove a manufacturing flaw under either negligence or strict liability, the plaintiff must show that a specific product unit was defective as a result of 'some mishap in the manufacturing

7

process itself, improper workmanship, or because defective materials were used in construction,' and that the defect was the cause of plaintiff's injury." Colon ex rel. Molina v. BIC USA, Inc., 199 F. Supp. 2d 53, 85 (S.D.N.Y. 2001) (quoting Caprara v. Chrysler Corp., 52 N.Y.2d 114, 436 N.Y.S.2d 251, 417 N.E.2d 545, 552-53 (1981)). Plaintiffs have not only failed to specify the defective component but have also failed to adequately allege any deviations from the manufacturing process, improper workmanship, or defective materials.

Plaintiffs also fail to properly plead a claim for Cirrus' failure to warn of the risks and dangers associated with the SR-20. In order to recover under a failure to warn theory, a claimant must show: "(1) that a manufacturer has a duty to warn; (2) against dangers resulting from foreseeable uses about which it knew or should have known; and (3) that failure to do so was the proximate cause of harm." Id. at 84. Plaintiffs have not pleaded sufficient facts to allow the Court to make a reasonable inference that the lack of warning was a substantial factor in causing the accident. As Plaintiffs have not adequately specified the danger that was not warned against, they cannot state a plausible claim for failure to warn.

Finally, as set forth above with respect to the factual allegations relating to strict liability, Plaintiffs have not pleaded sufficient facts to recover under a theory of

negligence. In order to recover in negligence under New York law, a successful plaintiff must demonstrate the existence of a duty, the breach of which may be considered the proximate cause of the damages suffered by the injured party. See Kosmynka v. Polaris Indus., Inc. 462 F.3d 74, 79-80 (2d Cir. 2006). The Amended Complaint does not contain sufficient facts to establish either knowledge of a defect on the part of Cirrus or anything that Cirrus did that fell below the standard of reasonable care that rendered the steering controls defective.

### C. Leave to Amend

Plaintiffs have requested leave to amend should the Court dismiss the Amended Complaint. Defendant opposes this request. Plaintiffs voluntarily filed an Amended Complaint as of right to attempt to correct issues raised by the Defendant in its initial motion to dismiss. (Pl.'s Opp. at 11.)

Rule 15(a) of the Federal Rules of Civil Procedure directs that leave to amend a pleading "shall be freely given when justice so requires." State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981). In Foman v. Davis, the Supreme Court explained that absent "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment"

9

or "futility of amendment," leave should "be 'freely given.'" 371 U.S. 178, 182 (1962).

Defendant argues that amendment would be futile as Plaintiffs base their claims on the same liability evidence, witnesses, and theories as the plaintiffs in <u>Lidle ex rel Lidle et al. v. Cirrus Design Corporation, et al.</u>, No. 1:08-CV-1253 (BSJ)(HBP). However, this Court, after reviewing that evidence, denied Defendant's motions to strike all of the <u>Lidle</u> plaintiffs' expert opinions and Defendant's motion for summary judgment. In the instant matter, Defendant's claim of futility is unpersuasive. Plaintiffs are granted leave to amend on or before February 4, 2011.

## Conclusion

For the reasons set forth above, Plaintiffs' Complaint is dismissed with leave to amend on or before February 4, 2011.

**SO ORDERED:**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Dated:   New York, New York
         December 30, 2010

*(signature)*

BARBARA S. JONES
**UNITED STATES DISTRICT JUDGE**

Dated:   New York, New York
         December 30, 2010